| | |
|---|---|
| 1 | MARSHALL C. WALLACE (BAR NO. 127103)<br>KEITH D. YANDELL (BAR NO. 233146) |
| 2 | ALLEN MATKINS LECK GAMBLE<br>  MALLORY & NATSIS LLP |
| 3 | Three Embarcadero Center, 12th Floor<br>San Francisco, CA 94111-4074 |
| 4 | Phone: (415) 837-1515<br>Fax: (415) 837-1516 |
| 5 | E-Mail: mwallace@allenmatkins.com<br>         kyandell@allenmatkins.com |
| 6 | |
| 7 | KIM A. BUI (BAR NO. 274113)<br>ALLEN MATKINS LECK GAMBLE |
| 8 |   MALLORY & NATSIS LLP<br>515 South Figueroa Street, Ninth Floor |
| 9 | Los Angeles, California 90071-3309<br>Phone: (213) 622-5555 |
| 10 | Fax: (213) 620-8816<br>E-Mail: kbui@allenmatkins.com |
| 11 | Attorneys for Defendant |
| 12 | Wells Fargo Bank, N.A., successor by merger with Wells<br>Fargo Bank Southwest, N.A., fka Wachovia Mortgage,<br>FSB, fka World Savings Bank, FSB |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE E. LAMIRANDE,<br><br>                Plaintiff,<br><br>    vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>                Defendant. | Case No.: 3:12-cv-05520-RS<br><br>ASSIGNED FOR ALL PURPOSES TO<br>Judge Richard Seeborg<br><br>NOTICE OF MOTION AND MOTION TO<br>DISMISS SECOND AMENDED<br>COMPLAINT; MEMORANDUM OF POINTS<br>AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:  May 9, 2013<br>Time:  1:30 p.m.<br>Ctrm:  3 - 17th Floor<br>       450 Golden Gate Avenue<br>       San Francisco, CA 94102 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

955496.01/LA    NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED
                COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that at 1:30 p.m. on May 9, 2013, in Courtroom 3 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., fka Wachovia Mortgage, FSB, fka World Savings Bank, FSB ("Wells Fargo") will move to dismiss each claim for relief in the second amended complaint ("SAC") of plaintiff Michele E. Lamirande. Wells Fargo respectfully seeks an order from this Court dismissing the SAC, *with prejudice.*

The grounds for this motion to dismiss, under Federal Rules of Civil Procedure 12(b)(6), are that Plaintiff has failed to state facts sufficient to support a claim on which relief may be granted. Alternatively, the Motion relies upon Federal Rules of Civil Procedure 9(b) and seeks dismissal because Plaintiff has not pled her claim with the requisite particularity. The basis for dismissal are more fully explained in the concurrently-filed memorandum of points and authorities.

Dated: March 29, 2013

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
MARSHALL C. WALLACE
KEITH D. YANDELL
KIM A. BUI

By:     */s/ Kim A. Bui*
    KIM A. BUI
    Attorneys for Defendant
    Wells Fargo Bank, N.A., successor by
    merger with Wells Fargo Bank Southwest,
    N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
    World Savings Bank, FSB

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

955496.01/LA

2

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL HISTORY | 2 |
| III. | STATEMENT OF RELEVANT FACTS | 2 |
| IV. | LEGAL STANDARD | 3 |
| V. | LEGAL ARGUMENT | 4 |
| | A. Plaintiff's RICO Claim Arises Out Of Her Loan's 2006 Origination And Is, Therefore, Time Barred | 4 |
| | B. Plaintiff's RICO Claim Also Fails Because Plaintiff Does Not State Plead Facts Showing "Racketeering Activity," Let Alone A Pattern Of Such Activity | 6 |
| |    1. Plaintiff Does Not State A RICO Claim Because She Does Not Allege The Requisite Underlying Criminal Act | 6 |
| |    2. Plaintiff Does Not State A RICO Claim Because She Does Not Allege A *Pattern* of Racketeering Activity | 8 |
| | C. Plaintiff Does Not Have Standing To Make A RICO Claim Because She Has Not Alleged A Concrete Financial Loss | 8 |
| | D. Plaintiff's RICO Claim Also Fails Because It Is Not Pled With The Requisite Particularity | 9 |
| VI. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

Page(s)

## Cases

Agency Holding Corp. v. Malley-Duff & Associates, Inc.,
 483 U.S. 143 (1987) .................................................................................................... 4

Asa-Brandt, Inc. v. ADM Investor Servs., Inc.,
 344 F.3d 738 (8th Cir. 2003) ....................................................................................... 8

Ashcroft v. Iqbal,
 129 S. Ct. 1937 (2009) ................................................................................................ 3

Associated Gen. Contractors. of Am. v. Metro. Water Dist.,
 159 F.3d 1178 (9th Cir. 1998) ..................................................................................... 4

Balistreri v. Pacifica Police Dept.,
 901 F.2d 696 (9th Cir. 1988) ....................................................................................... 3

Bautista v. Los Angeles County,
 216 F.3d 837 (9th Cir. 2000) ....................................................................................... 3

Bell Atlantic Corp. v. Twombly,
 127 S. Ct. 1955 (2007) ................................................................................................ 3

Cahill v. Liberty Mut. Ins. Co.,
 80 F.3d 336 (9th Cir. 1996) ......................................................................................... 3

Cairns v. Franklin Mint Co.,
 24 F. Supp. 2d 1013 (C.D. Cal. 1998) ......................................................................... 3

Clark v. Time Warner Cable,
 523 F.3d 1110 (9th Cir. 2008) ..................................................................................... 8

Clegg v. Cult Awareness Network,
 18 F.3d 752 (9th Cir. 1994) ......................................................................................... 4

Decatur Ventures, LLC v. Stapleton Ventures, Inc.,
 373 F. Supp. 2d 829 (S.D. Ind. 2005) ......................................................................... 6

Derakhshan v. Mortg. Elec. Registration Sys.,
 2009 U.S. Dist. LEXIS 100505 (C.D. Cal. Oct. 13, 2009) ......................................... 7

Dumas v. Major League Baseball Props., Inc.,
 104 F. Supp. 2d 1220 (S.D. Cal. 2000) ....................................................................... 6

Gomez v. Wells Fargo Bank, N.A.,
 2012 U.S. App. LEXIS 7370 (8th Cir. April 12, 2012) .............................................. 9

H.J. Inc. v. Northwestern Bell Tel. Co.,
 492 U.S. 229 (1989) .................................................................................................... 8

Hubbard v. Fidelity Federal Bank,
 91 F.3d 75 (9th Cir. 1996) ........................................................................................... 5

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

955496.01/LA

(ii)

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

| | Page(s) |
|---|---|
| King v. California, 784 F.2d 910 (9th Cir. 1986) | 3 |
| Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353 (9th Cir. 2005) | 6 |
| Meyer v. Ameriquest Mortg. Co., 342 F.3d 899 (9th Cir. 2003) | 5 |
| Nodari v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 1361 (C.D. Cal. Jan. 4, 2012) | 5 |
| Ohlendorf v. Am. Brokers Conduit, 2012 U.S. Dist. LEXIS 28862 (E.D. Cal. Mar. 5, 2012) | 7 |
| Pac. Harbor Capital, Inc. v. Barnett Bank, N.A., 252 F.3d 1246 (11th Cir. Fla. 2001) | 5 |
| Rotella v. Wood, 528 U.S. 549 (2000) | 5 |
| Schreiber Dist. Co. v. Serv-Well Furniture Co., 806 F.2d 1393 (9th Cir. 1986) | 7, 9 |
| Solano v. America's Servicing Co., 2011 U.S. Dist. LEXIS 50314 (E.D. Cal. May 3, 2011) | 9 |
| Sosa v. Directv, Inc., 437 F.3d 923 (9th Cir. 2006) | 6 |
| Steele v. Hosp. Corp. of Am., 36 F.3d 69 (9th Cir. 1994) | 8 |
| Turner v. Cook, 362 F.3d 1219 (9th Cir. 2004) | 8 |
| United States v. Briscoe, 65 F.3d 576 (7th Cir. 1995) | 7 |
| Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir. 2003) | 9 |
| Weilburg v. Shapiro, 488 F.3d 1202 (9th Cir. 2007) | 4 |

**Statutes**

| | |
|---|---|
| 12 U.S.C. § 2607(c) | 9 |
| 18 U.S.C. § 1341 | 7 |
| 18 U.S.C. § 1343 | 7 |
| 18 U.S.C. § 1961(1) | 6 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

955496.01/LA

(iii)

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

| | Page(s) |
|---|---|
| 18 U.S.C. § 1961(5) | 6 |
| 18 U.S.C. § 1962(c) | 6 |
| Cal. Gov. Code § 6250 | 5 |

**Rules**

| | |
|---|---|
| Fed. R. Civ. P. 12(b)(6) | 3 |
| Fed. R. Civ. P. 8 | 3 |
| Fed. R. Civ. P. 9(b) | 2, 9 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

955496.01/LA

(iv)

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

In granting Plaintiff Michele E. LaMirande ("Plaintiff") leave to a second amended complaint ("SAC"), this Court expressed skepticism that the defects in her previous pleadings could be cured by amendment. Plaintiff's SAC confirms that the Court's concerns were well founded. Indeed, Plaintiff's SAC is nearly identical to the previous complaint that this Court found failed to state a claim. Plaintiff's only changes consist of additional boiler-plate language and nonsensical arguments. The Court should not hesitate to grant Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo's") Motion with prejudice.

To recap, this is yet another strike suit in the wake of the real estate market downturn, attempting to hold up a mortgage lender who did nothing wrong. In 2006, Plaintiff borrowed $512,000 from Wells Fargo's predecessor in interest. Plaintiff defaulted on her mortgage and filed this action in an effort to avoid foreclosure. The crux of her SAC is that Wells Fargo inflated the appraisal of the subject property at the time it originated her loan. Based on that supposed misrepresentation, Plaintiff asserts that Wells Fargo violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff does not, and cannot, state a claim for relief against Wells Fargo, for numerous reasons.

*First*, Plaintiff's claim is time barred. Plaintiff alleges that Wells Fargo provided her with an appraisal that exceeded the assessed value of the home in 2006 — six years before she filed this action. While Plaintiff contends that the statute of limitations should be tolled, she does not plead that she exercised reasonable diligence as the law requires. Nor can she. Assessed home values are public record, so Plaintiff needed only consult the assessor's office in order to determine the assessed value of her home in 2006. The Court should end its analysis there — Plaintiff's claim is untimely and should be dismissed with prejudice.

*Second*, Plaintiff does not plead facts sufficient to support her boilerplate allegation that Wells Fargo engaged in mail fraud or wire fraud. Thus, she fails to plead "racketeering activity" as RICO requires.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

955496.01/LA

1

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

***Third***, Plaintiff does not allege a pattern of racketeering activity. To the contrary, her claim arises out of a single supposed instance of fraud. The SAC fails for this reason as well.

***Fourth***, Plaintiff does not have standing to make a RICO claim because she has not alleged she suffered any discernible harm as a result of the alleged fraud.

***Finally***, Plaintiff fails to plead her RICO claim with the particularity that Rule 9(b) requires.

In light of these inherent deficiencies, which Plaintiff cannot cure through amendment, and Plaintiff's repeated failure to state a claim, the Court should not hesitate to dismiss the SAC with prejudice.

## II. PROCEDURAL HISTORY.

Plaintiff filed her original complaint in the Superior Court of the State of California for the County of San Mateo (the "State Court Action") on September 26, 2012 and filed a first amended complaint ("FAC") in the action on October 18, 2012. On October 25, 2012, Wells Fargo removed the State Court Action to this Court. On November 6, 2012, Wells Fargo filed its Motion to Dismiss the FAC. Plaintiff did not oppose Wells Fargo's Motion.

On December 28, 2012, the Court granted Wells Fargo's Motion to Dismiss, but provided Plaintiff leave to amend, noting that leave was granted "in light of her *pro se* status and the liberal policy of permitting amendments", even though "it is far from clear that the defects in the complaint can be cured, or that Lamirande will make any effort to do so." (ECF Docket No. 14.) Rather than file an amended pleading on February 8 as the Court's order required, Plaintiff filed a request for an extension of time to file her amended complaint. The Court granted Plaintiff's request on February 22, 2013. On March 15, 2013, Plaintiff filed the SAC that gives rise to this Motion.

## III. STATEMENT OF RELEVANT FACTS.

On or about October 12, 2006, Plaintiff and World Savings Bank, FSB ("World Savings") entered into an adjustable rate mortgage note (the "Loan"). (SAC, ¶ 2, Ex. 1.) The total Loan amount was $512,000. (SAC, ¶ 151.) A deed of trust, recorded in October 2006 in the official records of the County of San Mateo, secured the Loan against the Property. (SAC, Ex. 1.)

Plaintiff alleges that Wells Fargo represented the value of the Property to be $645,000 at the time the Loan was originated in 2006 (SAC, ¶ 155), but that the Property Appraiser for San Mateo County assessed the value of the Property to be $424,590 in 2006 (SAC, ¶ 156). Plaintiff alleges that "had [she] known that the Lender ... overstated the value of the property, Plaintiff would have never agreed to the loan at the contract amount." (SAC, ¶ 162.)

Based on this alleged misrepresentation, Plaintiff brings a claim for violation of RICO. (SAC, ¶¶ 17, 130.)

## IV. LEGAL STANDARD.

In order to state a claim for relief as defined under FRCP 8, a "plaintiff must plead a short and plain statement of the elements of his or her claim, indentifying the transaction or occurrence giving rise to the claim and the elements of a *prima facie* case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). The United States Supreme Court has tightened the pleading standards under FRCP 8, and held that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task" that requires a court to "draw on its judicial experience and common sense." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A motion to dismiss pursuant to FRCP 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Cairns v. Franklin Mint Co., 24 F. Supp. 2d 1013, 1023 (C.D. Cal. 1998). Dismissal under the rule may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss also is proper where, as here, a plaintiff seeks remedies to which he is not entitled as a matter of law. See, e.g., King v. California, 784 F.2d 910 (9th Cir. 1986).

In resolving a motion to dismiss pursuant to FRCP 12(b)(6), a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded allegations as true; and (3) determine whether the plaintiff can prove any facts necessary to support a claim for relief. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). But "conclusory

allegations and unwarranted inferences are not sufficient to defeat a motion to dismiss." Associated Gen. Contractors. of Am. v. Metro. Water Dist., 159 F.3d 1178, 1181 (9th Cir. 1998); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged.").

*Pro se* complaints, as here, may be dismissed for failure to state a claim "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (internal quotation marks omitted). In addition, "if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment", dismissal of a *pro se* complaint without leave to amend is proper. Id.

V. **LEGAL ARGUMENT.**

    A. **Plaintiff's RICO Claim Arises Out Of Her Loan's 2006 Origination And Is, Therefore, Time Barred.**

Plaintiff's RICO claim must be dismissed because it is untimely. Civil RICO claims are subject to a four-year statute of limitations. Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987). Here, Plaintiff's claim arises out of the Loan's 2006 origination and is, therefore, time barred. Specifically, Plaintiff asserts that, during the Loan's origination, Wells Fargo misrepresented the value of the Property as supposedly evidenced by the fact that the San Mateo County Property Appraiser assessed the Property at an amount less than that set forth in the appraisal Plaintiff received from Wells Fargo. (SAC, ¶¶ 155-57.) Although the Loan closed on October 12, 2006 (SAC, ¶ 148), Plaintiff did not file her original complaint in the State Court Action until September 2012, nearly six years later. Thus, on its face, Plaintiff's RICO claim is barred by the statute of limitations.

Plaintiff attempts to salvage her untimely claim with allegations of delayed discovery. (SAC, ¶¶ 87-88.) These allegations fall well short of those required to plead delayed discovery because Plaintiff alleges mere conclusions and, in any event, could have ascertained her supposed injury at or around the time the loan was originated in 2006. Under the discovery rule, the four-

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

955496.01/LA

4

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1 year statute of limitations under RICO runs from the date Plaintiff knew *or should have known* she was injured. Rotella v. Wood, 528 U.S. 549, 552-53 (2000); see also Pac. Harbor Capital, Inc. v. Barnett Bank, N.A., 252 F.3d 1246, 1251 (11th Cir. Fla. 2001). In this case, Plaintiff had the opportunity to access San Mateo County's appraisal before executing the Loan, but did not avail herself of this right; indeed, under the California Public Records Act, Cal. Gov. Code §§ 6250 *et seq.*, governmental records — like the appraisal at issue here — must be disclosed to the public upon request. Indeed, Plaintiff concedes that "[t]he county appraisal of the value of the subject property is a public legal appraisal reflecting the government's position on the actual value of the property during the year 2006." (SAC, ¶ 158.) Further, Plaintiff acknowledges that she obtained "a statement of appraised market value of the property for the year 2006" (SAC, ¶ 88, Ex. 15), yet Plaintiff provides no explanation of why she could not have obtained the same information in 2006. Additionally, the Court may take judicial notice of the fact that Plaintiff would have received yearly property tax bills from San Mateo County, and those bills would have disclosed the Property's assessed value.[1] Accordingly, Plaintiff knew or should have known at the time she obtained the Loan that the appraised value of the Property exceeded the assessed value. Therefore the statute of limitations began to run in 2006 and expired years before Plaintiff filed this SAC.

The Court should grant the motion to dismiss without leave to amend because Plaintiff cannot amend her SAC to avoid the statute of limitations. Nodari v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 1361, *12-13 (C.D. Cal. Jan. 4, 2012) (granting motion to dismiss without leave to amend where statute of limitations barred predatory lending claims); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902-03 (9th Cir. 2003) (TILA claim and equitable tolling of the claim dismissed because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); accord Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996).

---

[1] According to the County of San Mateo website, "[t]he Assessor establishes the value of property on January 1 … The secured property tax bill, issued months later, uses [that] value [and] … [e]very year, the Tax Collector mails the secured tax bills by November 1." See www.sanmateocountytaxcollector.org/securedTaxes.html.

B. **Plaintiff's RICO Claim Also Fails Because Plaintiff Does Not State Plead Facts Showing "Racketeering Activity," Let Alone A Pattern Of Such Activity.**

In an attempt to combat organized crime, RICO makes it illegal for "any person employed or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c); see Dumas v. Major League Baseball Props., Inc., 104 F. Supp. 2d 1220, 1221 (S.D. Cal. 2000) ("RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff."). To state a civil claim for a RICO violation, a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property." Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks and citations omitted). Only a finite number of acts constitute actionable "racketeering activity" as defined by 18 U.S.C. § 1961(1), and to allege an unlawful "pattern," Plaintiff must allege at least two acts of racketeering activity. See 18 U.S.C. §§ 1961(1), (5). Simply listing the elements of a RICO claim is insufficient to state a claim, as a plaintiff must allege facts supporting each element. See Decatur Ventures, LLC v. Stapleton Ventures, Inc., 373 F. Supp. 2d 829, 837 (S.D. Ind. 2005).

Plaintiff comes nowhere near pleading the essential elements of a RICO claim, with particularity or otherwise.

    1. **Plaintiff Does Not State A RICO Claim Because She Does Not Allege The Requisite Underlying Criminal Act.**

To state a civil claim for a RICO violation, a plaintiff must allege racketeering activity (or "predicate acts"), "defined to include a number of generically specified criminal acts as well as the commission of one of a number of listed predicate offenses." Sosa v. Directv, Inc., 437 F.3d 923, 939 (9th Cir. 2006); 18 U.S.C. § 1961(1).

To the extent that Plaintiff alleges that her RICO claim rises out of mortgage fraud (SAC, ¶ 126), "[n]either fraud, in and of itself, nor the creation of fraudulent loan documents are predicate offenses under RICO." Ohlendorf v. Am. Brokers Conduit, 2012 U.S. Dist. LEXIS

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

955496.01/LA

6

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

28862, *33 (E.D. Cal. Mar. 5, 2012); see also Derakhshan v. Mortg. Elec. Registration Sys., 2009 U.S. Dist. LEXIS 100505, *13 (C.D. Cal. Oct. 13, 2009) (predatory lending is not a predicate offense for RICO). Like the present case, the plaintiff in Ohlendorf alleged fraudulent activity during loan origination based, in part, on loan papers that "were processed with an inflated appraisal and inflated income ... without his consent or knowledge of the terms and conditions of the contract." Ohlendorf, 2012 U.S. Dist. LEXIS 28862 at *5. The Ohlendorf court properly dismissed the plaintiff's RICO claim because such alleged bad acts did not constitute a predicate offense sufficient to support a cause of action for violation of RICO. Id. at *32-33. Because Plaintiff's underlying premise — an allegedly inflated appraisal at the time of loan origination — is an not a predicate offense that can support a RICO claim, this Court should dismiss the SAC with prejudice.

Plaintiff also offers conclusory allegations that the supposed mortgage fraud violated 18 U.S.C. §§ 1341, 1343 (mail and wire fraud). (SAC, ¶ 126.) These legal conclusions do nothing to support Plaintiff's deficient allegations because Plaintiff does not allege facts showing that Wells Fargo committed mail or wire fraud. To properly allege mail fraud, a plaintiff must show that: (1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States mails or caused a use of United States mails in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud. Schreiber Dist. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir. 1986). The elements of wire fraud under Section 1343 mirror those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme. United States v. Briscoe, 65 F.3d 576, 583 (7th Cir. 1995).

Plaintiff does not plead any facts, as opposed to conclusions, that establish the above elements. (SAC, ¶ 126.) Thus, Plaintiff has not alleged the predicate acts necessary to support her RICO claim.

2. <u>Plaintiff Does Not State A RICO Claim Because She Does Not Allege A *Pattern* of Racketeering Activity.</u>

"To state a RICO claim, one must allege a 'pattern' of racketeering activity, which requires at least two predicate acts." <u>Clark v. Time Warner Cable</u>, 523 F.3d 1110, 1116 (9th Cir. 2008) (citations omitted). "[W]hile two predicate acts are required under the Act, they are not necessarily sufficient." <u>Turner v. Cook</u>, 362 F.3d 1219, 1229 (9th Cir. 2004). Rather, "[a] 'pattern' of racketeering activity also requires proof that the racketeering predicates are related and 'that they amount to or pose a *threat of continued criminal activity*.'" <u>Id.</u> (quoting in part <u>H.J. Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 239 (1989) (emph. added)).

Plaintiff does not and cannot state a RICO claim against Wells Fargo because her claim arises out of a single instance of supposed misconduct — she asserts that Wells Fargo's predecessor in interest provided her with an inflated appraisal in 2006. <u>Turner</u>, 362 F.3d at 1229 (a plaintiff must prove two predicate bad acts to establish a RICO claim). Nor does Plaintiff allege facts showing a "threat of continued criminal activity." The SAC should be dismissed for these reasons as well.

**C. Plaintiff Does Not Have Standing To Make A RICO Claim Because She Has Not Alleged A Concrete Financial Loss.**

"To have standing to make a RICO claim, a party must have 1) sustained an injury to business or property 2) that was caused by a RICO violation." <u>Asa-Brandt, Inc. v. ADM Investor Servs., Inc.</u>, 344 F.3d 738, 752 (8th Cir. 2003). "[A] showing of injury requires proof of concrete financial loss, and not mere injury to a valuable intangible property interest." <u>Steele v. Hosp. Corp. of Am.</u>, 36 F.3d 69, 70 (9th Cir. 1994) (internal quotation marks omitted).

Here, Plaintiff alleges that she sustained damages in the amount of "the difference between the value of the subject property as it was fraudulently represented … and the actual value of the property at the time of the signing of the loan." (SAC, ¶¶ 37, 172.) But it is unclear how any disparity in valuation of the Property has caused Plaintiff *actual, concrete financial harm*. Indeed, Plaintiff has wholly failed to allege any direct financial harm she suffered as a result of the appraisals. The primary purpose of an appraisal is to protect the *lender's* interests by ensuring the

value of the collateral is sufficient to secure the loan. See <u>Gomez v. Wells Fargo Bank, N.A.</u>, 2012 U.S. App. LEXIS 7370 (8th Cir. April 12, 2012) (citing 12 U.S.C. § 2607(c) (allowing for "a real estate appraiser chosen by the lender to represent the lender's interest in a real estate transaction")). Without establishing that Wells Fargo's appraisal caused her concrete financial harm, Plaintiff lacks standing to bring her RICO claim.

### D. Plaintiff's RICO Claim Also Fails Because It Is Not Pled With The Requisite Particularity.

The Ninth Circuit applies Rule 9(b) pleading standards to RICO claims alleging a predicate of fraud, as it does with other claims sounding in fraud. <u>Schreiber</u>, 806 F.2d at 1400. Plaintiff must plead with particularity the time, place, and manner of each act of fraud, as well as the role of each defendant in each scheme. See Fed. R. Civ. P. 9(b). The elements of fraud — false representation, knowledge of falsity, intent to defraud, justifiable reliance and damages — must be accompanied by the "who, what, when, where, and how" of the misconduct charged. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiff does not plead the RICO claim with particularity because she does not allege facts concerning Wells Fargo's role in the "enterprise." <u>Solano v. America's Servicing Co.</u>, 2011 U.S. Dist. LEXIS 50314, 19-22 (E.D. Cal. May 3, 2011) (dismissing plaintiff's RICO claim, in part, because failure to plead the role of each defendant in the "enterprise" does not meet the particularity requirements of Rule 9(b)). Additionally, Plaintiff does not allege any facts to establish that Wells Fargo had knowledge of any supposed falsity or that there was any intent to defraud Plaintiff at the time of the Loan's origination. Nor does she allege who specifically prepared and provided the appraisal. Without the requisite particularity, Plaintiff's RICO claim should not survive.

### VI. CONCLUSION.

Even with an extension on her deadline to file an amended complaint, Plaintiff made minimal changes (mostly comprised of nonsensical additions) to her FAC. As before, "the complaint's attempt to show the action was timely-filed, the existence of an 'enterprise' within the

1  meaning of RICO, and that Wells Fargo engaged in predicate acts of mail fraud and/or wire fraud,
2  all fall short".

3      For the foregoing reasons, Wells Fargo respectfully requests the Court grant this Motion to
4  Dismiss.

Dated: March 29, 2013

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP


By: _____/s/ Kim A. Bui_____
KIM A. BUI
Attorneys for Defendant
Wells Fargo Bank, N.A., successor by
merger with Wells Fargo Bank Southwest,
N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
World Savings Bank, FSB

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

955496.01/LA

10
NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and am not a party to this action. My business address is 515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071-3309.

On **March 29, 2013**, I served the within document(s) described as:

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action as stated below:

Michele E. Lamirande                                    Pro Se
823 Sonora Avenue
El Granada, CA 94018

☒ **BY MAIL:** I placed a true copy of the document in a sealed envelope or package addressed as indicated above on the above-mentioned date in Los Angeles, California for collection and mailing pursuant to the firm's ordinary business practice. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on **March 29, 2013** at Los Angeles, California.

Danette L. Polchowski                                   (Signature of Declarant)
(Type or print name)

943889.01/LA